UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CRIMINAL NO.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **CONSENT ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| JAMES ALEXANDER BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the specific assets listed below and the offense(s) to which the defendant has pled guilty and that the defendant (or any combination of defendants convicted in this case) has or had a legal or possessory interest in such assets, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 18 U.S.C. §3665, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c), provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

**One 2009 Lexus RX350 AWD automobile, VIN: 2T2HK31U19C125751;**

**One 2002 Sea Ray Boat 340 Sundancer, Serial Number SERT98290202; and**

**$1,058,400 in substitute property, in the form of United States Currency that Defendant agrees to turn over to the United States on or before the sixtieth day after entry and acceptance of his plea. Defendant shall turn over the $1,058,400 in substitute property in full satisfaction of a forfeiture money judgment, stipulated to herein, in the amount of $1,058,400, such money judgment representing the amount of criminal proceeds herein.**

2. The United States Marshals Service and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the specific assets listed above.

3. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. c 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of this forfeiture.

4. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

6. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned asset(s) constitute property derived from or traceable to proceeds of defendant's crime(s) herein and/or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. §924(d), 18 U.S.C. §982, 21 U.S.C. §853, 26 U.S.C. §5872, and/or 28 U.S.C. §2461(c), or, if so identified herein, substitute property subject to forfeiture pursuant to 21 U.S.C. § 853. The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so. As to any firearms listed above and/or in the charging instrument, defendant consents to destruction by federal, state, or local law enforcement authorities upon such legal process as they, in their sole discretion, deem to be legally sufficient, and waives any and all right to further notice of such process or such destruction. Pursuant to Rule 32.2(b)(4)(A), the defendant consents that this order shall be final as to defendant (but not as to any third parties) upon filing.

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

DANA WASHINGTON
Assistant United States Attorney

JAMES ALEXANDER BROWN
Defendant

MARK FOSTER
Attorney for Defendant

Signed this the 14 day of April, 2016.

UNITED STATES Magistrate JUDGE

2